IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

VICTORIA PRATT, )
)
          **Plaintiff,** )
) CIVIL ACTION
v. )
) No. 10-1024-JWL
)
MICHAEL J. ASTRUE, )
Commissioner of Social Security, )
)
          **Defendant.** )
_____ )

**MEMORANDUM AND ORDER**

Plaintiff seeks review of a decision of the Commissioner of Social Security (hereinafter Commissioner) denying disability insurance benefits (DIB) and supplemental security income (SSI) under sections 216(i), 223, 1602, and 1614(a)(3)(A) of the Social Security Act. 42 U.S.C. §§ 416(i), 423, 1381a, and 1382c(a)(3)(A) (hereinafter the Act). Finding error in the administrative law judge's (ALJ's) evaluation of the medical opinions, the court ORDERS that the Commissioner's decision is REVERSED, and that judgment shall be entered in accordance with the fourth sentence of 42 U.S.C. § 405(g) REMANDING the case for further proceedings consistent with this opinion.

**I.**     **Background**

Plaintiff applied for DIB on October 3, 2007, and for SSI benefits on July 31, 2008, alleging disability since August 16, 2007 in both applications. (R. 15, 90-97).[1] The applications were denied initially and upon reconsideration, and Plaintiff requested a hearing before an administrative law judge (ALJ). (R. 15, 44-52, 63-64). Plaintiff's request was granted, and Plaintiff appeared with counsel for a video hearing before ALJ Christopher Larsen on February 11, 2009. (R. 23-43). At the hearing testimony was taken from Plaintiff and from a vocational expert. Id. ALJ Larsen issued a decision on June 3, 2009, finding that Plaintiff has the residual functional capacity (RFC) to perform certain past relevant work and is therefore not disabled within the meaning of the Act. (R. 15-22).

As is relevant to the issues raised in Plaintiff's Social Security Brief, the ALJ's RFC assessment included the determination that Plaintiff's allegations of symptoms resulting from her impairments are not credible, and included the determination to give "great weight" to the opinions of the state agency physicians but little, if any weight to the opinion of Dr. Kimball. (R. 19-21). The ALJ assessed Plaintiff with the RFC for a range of light work with a number of environmental limitations. Id. at 19. Based upon the RFC assessed, and the testimony of the vocational expert, the ALJ determined that

---

[1] The DIB application in the record is dated October 10, 2007, and the SSI application is dated August 22, 2008. (R. 90-97). Moreover, the SSI application states Plaintiff's disability began August 17, 2007. (R. 95). Nonetheless, neither party suggests the ALJ's decision is incorrect in this regard, and the court accepts the dates stated therein as unopposed.

Plaintiff is able to perform her past relevant work as a deli cutter/slicer, insurance sales agent, hotel service sales representative, and wireless telephone service salesperson; and that consequently she is not disabled within the meaning of the Act. (R. 21). Therefore, he denied her applications. Id. at 22.

Plaintiff continued to believe she is disabled, submitted additional evidence, and sought review of the decision by the Appeals Council. Id. at 8-10. The Appeals Council considered the additional evidence and Plaintiff's arguments and made the evidence a part of the administrative record, but found no reason to review the ALJ decision, and denied Plaintiff's request. Id. at 1-5. Therefore, the ALJ's decision is the final decision of the Commissioner. (R. 1); Blea v. Barnhart, 466 F.3d 903, 908 (10th Cir. 2006). Plaintiff now seeks judicial review of that decision. (Doc. 1).

## II. Legal Standard

The court's jurisdiction and review are guided by the Act. Wall v. Astrue, 561 F.3d 1048, 1051-52 (10th Cir. 2009) (citing 42 U.S.C. § 405(g)). Section 405(g) of the Act provides that, "The findings of the Commissioner as to any fact, if supported by substantial evidence, shall be conclusive." The court must determine whether the factual findings are supported by substantial evidence in the record and whether the ALJ applied the correct legal standard. Lax v. Astrue, 489 F.3d 1080, 1084 (10th Cir. 2007); accord, White v. Barnhart, 287 F.3d 903, 905 (10th Cir. 2001). Substantial evidence is more than a scintilla, but less than a preponderance, and it is such evidence as a reasonable mind might accept to support a conclusion. Wall, 561 F.3d at 1052; Gossett v. Bowen, 862

3

F.2d 802, 804 (10th Cir. 1988). The court may "neither reweigh the evidence nor substitute [its] judgment for that of the agency." Bowman v. Astrue, 511 F.3d 1270, 1272 (10th Cir. 2008) (quoting Casias v. Sec'y of Health & Human Servs., 933 F.2d 799, 800 (10th Cir. 1991)); accord, Hackett v. Barnhart, 395 F.3d 1168, 1172 (10th Cir. 2005). The determination of whether substantial evidence supports the Commissioner's decision, however, is not simply a quantitative exercise, for evidence is not substantial if it is overwhelmed by other evidence or if it constitutes mere conclusion. Gossett, 862 F.2d at 804-05; Ray v. Bowen, 865 F.2d 222, 224 (10th Cir. 1989).

An individual is under a disability only if that individual can establish that she has a physical or mental impairment which prevents her from engaging in substantial gainful activity and which is expected to result in death or to last for a continuous period of at least twelve months. Thompson v. Sullivan, 987 F.2d 1482, 1486 (10th Cir. 1993) (citing 42 U.S.C. § 423(d)); see also, Knipe v. Heckler, 755 F.2d 141, 145 (10th Cir. 1985) (quoting identical definitions of a disabled individual from both 42 U.S.C. §§ 423(d)(1) and 1382c(a)(3)(A)); accord, Lax, 489 F.3d at 1084 (citing 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A)). The claimant's impairments must be of such severity that she is not only unable to perform her past relevant work, but cannot, considering her age, education, and work experience, engage in any other substantial gainful work existing in the national economy. 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B).

The Commissioner uses a five-step sequential process to evaluate disability. 20 C.F.R. §§ 404.1520, 416.920 (2009); Wilson v. Astrue, 602 F.3d 1136, 1139 (10th Cir.

4

2010) (citing Williams v. Bowen, 844 F.2d 748, 750 (10th Cir. 1988)). "If a determination can be made at any of the steps that a claimant is or is not disabled, evaluation under a subsequent step is not necessary." Wilson, 602 F.3d at 1139 (quoting Lax, 489 F.3d at 1084.)

In the first three steps, the Commissioner determines whether claimant has engaged in substantial gainful activity since the alleged onset, whether she has a severe impairment, and whether the severity of her impairment(s) meets or equals the severity of any impairment in the Listing of Impairments (20 C.F.R., Pt. 404, Subpt. P, App. 1). Williams, 844 F.2d at 750-51. If claimant's impairment(s) does not meet or equal a listed impairment, the Commissioner assesses RFC. 20 C.F.R. §§ 404.1520(e), 416.920(e). This assessment is used at both step four and step five of the sequential process. Id.

After assessing claimant's RFC, the Commissioner evaluates steps four and five-- whether claimant can perform her past relevant work, and whether, when considering vocational factors of age, education, and work experience, claimant is able to perform other work in the economy. Wilson, 602 F.3d at 1139 (citing Lax, 489 F.3d at 1084). In steps one through four the burden is on claimant to prove a disability that prevents performance of past relevant work. Blea v. Barnhart, 466 F.3d 903, 907 (10th Cir. 2006); accord, Dikeman v. Halter, 245 F.3d 1182, 1184 (10th Cir. 2001); Williams, 844 F.2d at 751 n.2. At step five, the burden shifts to the Commissioner to show jobs in the economy within Plaintiff's capacity. Id.; Haddock v. Apfel, 196 F.3d 1084, 1088 (10th Cir. 1999).

5

The ALJ decided this case at step four of the sequential process, and did not determine whether there is other work available in the economy within Plaintiff's capacity.

Plaintiff claims the ALJ erred, both in according "great weight" to the opinions of the state-agency physicians, and in discounting the opinion of Dr. Kimball. The Commissioner argues that substantial evidence supports the ALJ's evaluation of the medical opinions. The court finds remand is necessary because the Commissioner did not properly explain and support his evaluation of the medical opinions.

## II. Evaluation of the Medical Opinions

The standards for evaluating opinions of a physician who has treated a claimant (treating source), a physician who has examined a claimant (nontreating source), and a physician who has merely reviewed the medical records (nonexamining source) has long been settled in the Tenth Circuit. Talbot v. Heckler, 814 F.2d 1456, 1463 (10th Cir. 1987) (relying upon cases from the Third, Sixth, Seventh, and Tenth Circuit Courts).

Medical opinions may not be ignored and, unless a treating source opinion is given controlling weight, <u>all</u> will be evaluated by the Commissioner in accordance with factors contained in the regulations. 20 C.F.R. §§ 404.1527(d), 416.927(d); Social Security Ruling (SSR) 96-5p, West's Soc. Sec. Reporting Serv., Rulings 123-24 (Supp. 2010) ("Medical Source Opinions on Issues Reserved to the Commissioner"). A physician who has treated a patient frequently over an extended period of time (a treating source)[2] is

---

[2]The regulations define three types of "acceptable medical sources:"
"Treating source:" an "acceptable medical source" who has provided the claimant

expected to have greater insight into the patient's medical condition, and his opinion is generally entitled to "particular weight." Doyal v. Barnhart, 331 F.3d 758, 762 (10th Cir. 2003). The regulations define a "treating source" as an "acceptable medical source" who has provided the claimant with medical treatment or evaluation in an "ongoing treatment relationship" with the claimant. 20 C.F.R. §§ 404.1502, 416.902. The regulations explain, "Generally, we will consider that you have an ongoing treatment relationship with an acceptable medical source when the medical evidence establishes that you see, or have seen, the source with a frequency consistent with accepted medical practice for the type of treatment and/or evaluation required for your medical condition(s)." Id.

But, "the opinion of an examining physician [(a nontreating source)] who only saw the claimant once is not entitled to the sort of deferential treatment accorded to a treating physician's opinion." Id. at 763 (citing Reid v. Chater, 71 F.3d 372, 374 (10th Cir. 1995)). However, the opinions of such nontreating sources are generally given more weight than the opinions of nonexamining sources who have merely reviewed the medical record. Robinson v. Barnhart, 366 F.3d 1078, 1084 (10th Cir. 2004); Talbot v. Heckler, 814 F.2d 1456, 1463 (10th Cir. 1987) (citing Broadbent v. Harris, 698 F.2d 407, 412

---

with medical treatment or evaluation in an "ongoing treatment relationship." 20 C.F.R. §§ 404.1502, 416.902.
     "Nontreating source:" an "acceptable medical source" who has examined the claimant, but never had a treatment relationship. Id.
     "Nonexamining source:" an "acceptable medical source" who has not examined the claimant, but provides a medical opinion. Id.

7

(10th Cir. 1983), Whitney v. Schweiker, 695 F.2d 784, 789 (7th Cir. 1982), and Wier ex rel. Wier v. Heckler, 734 F.2d 955, 963 (3d Cir. 1984)).

"If [the Commissioner] find[s] that a treating source's opinion on the issue(s) of the nature and severity of [the claimant's] impairment(s) [(1)] is well-supported by medically acceptable clinical and laboratory diagnostic techniques and [(2)] is not inconsistent with the other substantial evidence in [claimant's] case record, [the Commissioner] will give it controlling weight."  20 C.F.R. §§ 404.1527(d)(2), 416.927(d)(2); see also, SSR 96-2p, West's Soc. Sec. Reporting Serv., Rulings 111-15 (Supp. 2010) ("Giving Controlling Weight to Treating Source Medical Opinions").

The Tenth Circuit has explained the nature of the inquiry regarding a treating source's medical opinion.  Watkins v. Barnhart, 350 F.3d 1297, 1300-01 (10th Cir. 2003) (citing SSR 96-2p).  The ALJ first determines "whether the opinion is 'well-supported by medically acceptable clinical and laboratory diagnostic techniques.'"  Id. at 1300 (quoting SSR 96-2p).  If the opinion is well-supported, the ALJ must confirm that the opinion is also "not inconsistent" with other substantial evidence in the record.  Id.  "[I]f the opinion is deficient in either of these respects, then it is not entitled to controlling weight."  Id.

If the treating source opinion is <u>not</u> given controlling weight, the inquiry does not end.  Id.  A treating source opinion is "still entitled to deference and must be weighed using all of the factors provided in 20 C.F.R. § 404.1527 and 416.927."  Id.  Those factors are:  (1) length of treatment relationship and frequency of examination; (2) the nature and extent of the treatment relationship, including the treatment provided and the kind of

8

examination or testing performed; (3) the degree to which the physician's opinion is supported by relevant evidence; (4) consistency between the opinion and the record as a whole; (5) whether or not the physician is a specialist in the area upon which an opinion is rendered; and (6) other factors brought to the ALJ's attention which tend to support or contradict the opinion. Id. at 1301; 20 C.F.R. §§ 404.1527(d)(2-6), 416.927(d)(2-6); see also Drapeau v. Massanari, 255 F.3d 1211, 1213 (10th Cir. 2001) (citing Goatcher v. Dep't of Health & Human Servs., 52 F.3d 288, 290 (10th Cir. 1995)).

After considering the factors, the ALJ must give reasons in the decision for the weight he gives the treating source opinion. Id. 350 F.3d at 1301. "Finally, if the ALJ rejects the opinion completely, he must then give 'specific, legitimate reasons' for doing so." Id. (citing Miller v. Chater, 99 F.3d 972, 976 (10th Cir. 1996) (quoting Frey v. Bowen, 816 F.2d 508, 513 (10th Cir. 1987)).

Here, the court reproduces in its entirety the ALJ's discussion of the medical opinions:

> As for the opinion evidence, the state-agency physicians concluded Ms. Pratt could lift and carry 20 pounds occasionally and 10 pounds frequently; sit, or stand and walk, for six hours in an 8-hour day; and should avoid concentrated exposure to extreme heat, fumes, odors, dusts, gases, poor ventilation, hazardous machinery, and heights; and should avoid even moderate exposure to extreme cold (Exhibit 8F). I give great weight to this opinion as most consistent with the medical evidence.
>
> Dr. Robert Kimball concluded Ms. Pratt had had four stents in three years, has a TENS machine for osteoporosis and a cane, and could sit for 15 minutes continuously and 30 minutes in an 8-hour workday; stand for 10 minutes continuously for a total of 30 minutes in an 8-hour workday; walk up to one-quarter mile continuously for a total of one mile in an 8-hour

9

> workday; lift up to 10 pounds; occasionally kneel and bend; and never
> stoop, climb, reach, push, pull, or lift anything over a 10-minute period for
> the rest of her life, and had mild restrictions in unprotected heights, and
> moderate restrictions in driving a motor vehicle (Exhibit 17F). This sets
> forth a much less-than-sedentary residual functional capacity, but Ms. Pratt
> also testified she has only seen Dr Kimball since October, 2008, which
> means he does not have much of a treating history with her.

(R. 21).

Plaintiff argues that although Dr. Kimball is a "treating source," the ALJ did not analyze that question, did not properly discuss and explain the weight accorded Dr. Kimball's opinion, did not evaluate the opinion in accordance with the regulatory factors found in 20 C.F.R. §§ 404.1527 and 416.927; and apparently rejected the opinion without providing adequate justification. (Pl. Br. 7-12). She also argues that the ALJ failed to cite the evidence supporting his determination to accord "great weight" to the state agency physicians' opinion, when in fact, that determination is not supported by substantial evidence in the record. (Pl. Br. 12-14). The Commissioner argues that the ALJ properly evaluated and rejected Dr. Kimball's opinion; that the ALJ determined Dr. Kimball is not a treating source and found that the doctor did not have much of a treating history with Plaintiff; that Dr. Kimball's opinion of permanent disability is on an issue reserved to the Commissioner; and that the record evidence supports the determination to reject the opinion. (Comm'r Br. 7-11). The Commissioner points to inconsistencies between Plaintiff's activities, reports, and testimony and Dr. Kimball's report; and cites record evidence, including Dr. Kimball's treatment notes, which in his view supports the ALJ's determination to reject Dr. Kimball's opinion. Id. In a similar fashion, the

10

Commissioner explains how the record supports the ALJ's determination to accord "great weight" to the state agency physicians' opinion because it is most consistent with the medical evidence.  Id. at 12-13.  In her reply brief, Plaintiff argues that the decision does not make clear that the ALJ rejected Dr. Kimball's opinion, and that much of the Commissioner's argument was created by counsel and was not the rationale used by the ALJ, and the court may not affirm the decision based upon such a post hoc rationalization.  (Reply 1-2).

The issue whether Dr. Kimball is a treating source is determinative of whether the ALJ properly evaluated the medical opinions, because the regulations provide a particular procedure to be used in evaluating the opinions of treating source physicians.  As Plaintiff asserts, the ALJ made no specific finding whether Dr. Kimball was a treating source.  The Commissioner's argument that the ALJ did not consider Dr. Kimball's opinion to be a treating source opinion because he "specifically noted that 'the doctor did not have much of a treating history' with Plaintiff" (Comm'r Br. 8) (quoting (R. 21)), is contradicted by the very statement quoted.  The ALJ's statement that Dr. Kimball did "not have much of a treating history with" Plaintiff (R. 21) (emphasis added) implicitly admits that there is some treatment history.  Moreover, as the ALJ noted, Plaintiff testified at the hearing on February 11, 2009 that she had seen Dr. Kimball since October, 2008, and this fact establishes a treatment history of five months at the time of the hearing, but the ALJ never addressed or stated whether he considered Dr. Kimball to be a treating source.  He never acknowledged that the question is answered by a determination whether Dr. Kimball saw

Plaintiff "with a frequency consistent with accepted medical practice for the type of treatment and/or evaluation required for your medical condition(s)," 20 C.F.R. §§ 404.1502, 416.902, and he never made the required analysis. This is error requiring remand in the circumstances of this case.

The court will not find in the circumstances that Dr. Kimball is a treating source, because that determination is for the Commissioner to make in the first instance. However, the court would note that after the hearing decision, Plaintiff presented treatment records to the Appeals Council showing that Dr. Kimball treated her from November 13, 2008 through at least August 21, 2009. On remand, the Commissioner should secure additional and more recent treatment records from Dr. Kimball, if any, in order to properly evaluate his status as a treating source, and the weight to be accorded his opinions.

After deciding whether Dr. Kimball is a treating source, and if the Commissioner answers that question in the affirmative, he must determine whether the doctor's opinion is worthy of controlling weight. There is no indication the ALJ considered this issue--likely because he did not specifically address whether Dr. Kimball is a treating source.

Only after the ALJ determines that there are no treating source opinions which are worthy of controlling weight may the ALJ determine the relative weight to be accorded to all of the medical source opinions (including the opinions of "other" medical sources who are not "acceptable medical sources"). SSR 06-03p, West's Soc. Sec. Reporting Serv., Rulings 327-34 (Supp. 2010) ("Considering Opinions and Other Evidence From Sources

Who Are Not 'Acceptable Medical Sources' in Disability Claims"). Moreover, in this analysis, the ALJ must remember that deference is due a treating source opinion, and must explain why he finds the opinion of another source outweighs the opinion of the treating source. Goatcher, 52 F.3d at 290 (citing Reyes v. Bowen, 845 F.2d 242, 245 (10th Cir. 1988)). Even if the Commissioner determines that Dr. Kimball is a treating source whose opinion is not worthy of controlling weight, it is insufficient to prefer the opinion of the state agency physicians over that of the treating source merely because the state agency physicians' opinion is "most consistent with the medical evidence." (R. 21). Rather, the Commissioner must explain in what way the one opinion is more consistent with the evidence than the other opinion. The Commissioner must provide specific, legitimate reasons to reject the opinion of a treating source. Cowan v. Astrue, 552 F.3d 1182, 1188 (10th Cir. 2008); Robinson, 366 F.3d at 1082; Watkins, 350 F.3d at 1301; Doyal, 331 F.3d at 762; Drapeau, 255 F.3d at 1213; Goatcher, 52 F.3d at 290.

**IT IS THEREFORE ORDERED** that the Commissioner's decision is REVERSED, and that judgment shall be entered in accordance with the fourth sentence of 42 U.S.C. § 405(g) REMANDING the case for further proceedings consistent with this opinion.

Dated this 14th day of March 2011, at Kansas City, Kansas.

s:/ John W. Lungstrum
**John W. Lungstrum**
**United States District Judge**